UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAUL VANDONZEL,<br><br>    Plaintiff,<br><br>    v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et al.,<br><br>    Defendants. | Case No. 17-CV-01819-LHK<br><br>**ORDER DENYING MOTION TO DISMISS AS MOOT**<br><br>Re: Dkt. No. 21 |

On May 17, 2017, Defendant JPMorgan Chase Bank, N.A. ("JPMorgan") filed a motion to dismiss Plaintiff's complaint. ECF No. 21. Plaintiff did not file an opposition to this motion to dismiss. Instead, on June 7, 2017, Plaintiff filed an Amended Complaint. ECF No. 27.

Under Federal Rule of Civil Procedure ("Rule") 15(a)(1)(B), if a pleading requires a responsive pleading, a party may amend the original pleading within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Therefore, Plaintiff's amendment on June 7, 2017 was timely.

An "amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir.1997) *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896, 925 (9th Cir. 2012). For this reason, after an

1
Case No. 17-CV-01819-LHK
ORDER DENYING MOTION TO DISMISS AS MOOT

amendment, "pending motions concerning the original complaint must be denied as moot." *Hylton v. Anytime Towing*, 2012 WL 1019829, at *5 (S.D. Cal. Mar. 26, 2012). Therefore, the Court DENIES JPMorgan's motion to dismiss as moot.

Nevertheless, Plaintiff has now amended the complaint once in light of the deficiencies identified in JPMorgan's motion to dismiss. Thus, if the Court grants any future motion to dismiss the amended complaint based on these deficiencies, the Court will dismiss the amended complaint with prejudice.

**IT IS SO ORDERED.**

Dated: June 13, 2017

*Lucy H. Koh*
LUCY H. KOH
United States District Judge