UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAUL VANDONZEL,<br><br>  Plaintiff,<br><br>  v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., JPMORGAN CHASE BANK, and DOES 1 THROUGH 100 INCLUSIVE,<br><br>  Defendants. | Case No. 17-CV-01819-LHK<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 29 |

Plaintiff Paul Vandonzel ("Plaintiff") sues Defendants Experian Information Solutions, Inc. ("Experian") and JPMorgan Chase Bank ("Chase") for violation of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681i, and the California Consumer Credit Reporting Agencies Act ("CCRAA"), California Civil Code § 1785.25(a). Before the Court is Chase's motion to dismiss. ECF No. 29. Having considered the submissions of the parties, the relevant law, and the record in this case, the Court DENIES Chase's motion to dismiss.

## I. BACKGROUND

### A. Factual Background

On December 28, 2011, Plaintiff filed for Chapter 13 bankruptcy. ECF No. 27 ("FAC")

¶ 79. "Chapter 13 of the Bankruptcy Code affords individuals receiving regular income an opportunity to obtain some relief from their debts while retaining their property. To proceed under Chapter 13, a debtor must propose a plan to use future income to repay a portion (or in the rare case all) of his debts over the next three to five years." *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1690 (2015). "If the bankruptcy court confirms the plan and the debtor successfully carries it out, he receives a discharge of his debts according to the plan." *Id.* at 1690. In the instant case, Plaintiff's bankruptcy plan was confirmed on March 23, 2012. FAC ¶ 81. Subsequently, Plaintiff's debts were discharged in bankruptcy on November 12, 2015. *Id.* ¶ 81.

On April 11, 2016, Plaintiff ordered a three-bureau credit report from Experian. *Id.* ¶ 82. In the report, Plaintiff allegedly noticed "two different trade lines . . . all reporting inaccurate, misleading, or incomplete information that did not comport with credit reporting industry standards." *Id.* ¶ 83. Specifically, Plaintiff alleges that "[o]ne account belonging to JPMorgan Chase was reporting account beginning 4185 with a past due balance of $1,756 and 180 days late in the payment status portion despite Plaintiff having included and discharged the debt in bankruptcy." *Id.* ¶ 84. In response to the report, on September 15, 2016, Plaintiff disputed the allegedly inaccurate trade lines with the three credit reporting agencies ("CRAs"): Equifax, Experian, and Trans Union, LLC ("TransUnion"). *Id.* ¶ 85. Plaintiff alleges that each CRA forwarded the relevant information regarding Plaintiff's dispute to Chase in the form of an automated credit dispute verification ("ACDV"). *Id.* ¶ 87. Plaintiff claims that "Plaintiff's dispute letter specifically put defendant JPMorgan Chase on notice that Plaintiff had filed for bankruptcy, was not late, or past due and to update the account properly to show that Plaintiff filed [for] bankruptcy." *Id.* ¶ 86.

Subsequently, on November 14, 2016, Plaintiff ordered a second three-bureau credit report from Experian to check whether the alleged inaccuracies on the April 11, 2016 report had been corrected. *Id.* ¶ 89. Plaintiff alleges that in the November 14, 2016 credit report, "JPMorgan Chase Bank did not properly update the account but instead was reporting Plaintiff's account . . . as [c]harged off with absolutely no indication whatsoever that the account had been included and

2

Case No. 17-CV-01819-LHK
ORDER DENYING MOTION TO DISMISS

1 discharged in Plaintiff's bankruptcy!" *Id.* ¶ 90.

2 As relevant to the instant motion, Plaintiff alleges that Chase failed to conduct a reasonable reinvestigation in response to Plaintiff's dispute and made no changes to the account even though the debt in question had been discharged. *Id.* ¶¶ 87, 120–32. Plaintiff alleges that this violation by Chase was willful and that Plaintiff is therefore entitled to statutory damages under 15 U.S.C. § 1681n(a). Specifically, Plaintiff alleges that "as a policy Chase instructs its employees who are intentionally overseas to avoid being confronted by consumers, not to update accounts that have been discharged. Instead these employees are taught to [c]harge off the accounts . . . ." *Id.* ¶ 98. Plaintiff claims that "JPMorgan Chase's refusal to acknowledge the bankruptcy discharge is classic 'trap' reporting where creditors like Defendant JPMorgan Chase intentionally leave a Charge off notation on a consumer's credit report in hopes that a consumer will eventually pay the debt when denied for future financing." *Id.* ¶ 99.

### B. Procedural History

On March 31, 2017, Plaintiff filed a Complaint in this Court against Experian and Chase. ECF No. 1. Plaintiff asserted a cause of action under the FCRA against each Defendant for failure to reasonably reinvestigate Plaintiff's dispute. *Id.* ¶¶ 106–47. Plaintiff also asserted causes of action under the FCRA against Experian for failure to provide Chase with all relevant information regarding the dispute, failure to review and consider all relevant information, and failure to delete disputed and inaccurate information. *Id.* ¶¶ 148–62. Finally, Plaintiff asserted a cause of action under the CCRAA against Chase. *Id.* ¶¶ 163–72.

On April 28, 2017, Experian answered the Complaint. ECF No. 13. On May 17, 2017, Chase filed a motion to dismiss the complaint. ECF No. 21. Rather than respond to Chase's motion to dismiss, Plaintiff filed an amended complaint ("FAC") on June 7, 2017. ECF No. 27. The FAC asserted a cause of action under the FCRA against Experian for failure to assure credit reporting accuracy, a cause of action under the FCRA against Chase for failure to reinvestigate, a cause of action under the FCRA against Experian for failure to reinvestigate, a cause of action under the FCRA against Experian for failure to review and consider all relevant information, a

3
Case No. 17-CV-01819-LHK
ORDER DENYING MOTION TO DISMISS

cause of action under the FCRA against Experian for failure to delete disputed and inaccurate information, and a cause of action under the CCRAA against Chase for reporting inaccurate information to CRAs. FAC ¶¶ 107–68. The FAC did not assert a cause of action against Experian for failure to provide Chase with all relevant information. In light of the filing of the FAC, the Court denied Chase's motion to dismiss as moot on June 13, 2017. ECF No. 28.

On June 22, 2016, Experian answered the FAC. ECF No. 32. On June 13, 2017, Chase filed the instant motion to dismiss the FAC. ECF No. 29 (Mot."). On June 27, 2016, Plaintiff filed an opposition to Experian's motion to dismiss. ECF No. 33 ("Opp."). On July 5, 2017, Chase filed a reply. ECF No. 35 ("Reply").

## II. LEGAL STANDARD

### A. Motion to Dismiss Under Rule 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted).

For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, a court need not accept as true allegations contradicted by judicially noticeable facts, *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and a "court may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into one for summary judgment, *Shaw v. Hahn*, 56 F.3d 1061, 1064 (9th Cir. 2011). Mere "conclusory

4
Case No. 17-CV-01819-LHK
ORDER DENYING MOTION TO DISMISS

allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

### B. Leave to Amend

If the court concludes that a motion to dismiss should be granted, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted). Nonetheless, a district court may deny leave to amend a complaint due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (alteration in original).

## III. DISCUSSION

Plaintiff asserts two causes of action against Chase: a cause of action under the FCRA for failure to reinvestigate and a cause of action under the CCRAA for reporting inaccurate information to CRAs. Chase moves to dismiss both claims against Chase in Plaintiff's FAC on two independent grounds. First, Chase argues that Plaintiff "fails to allege that Chase received sufficient notice of his dispute, as he must to maintain an FCRA claim against Chase." Mot. at 2. Second, Chase argues that Plaintiff has failed to allege any damages from Chase's alleged violation, which is an essential element of each of Plaintiff's claims. The Court considers these arguments in turn.

### A. Notice of the Dispute

Congress enacted the FCRA "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Gorman v. Wolpoff &*

*Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009) (quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007)). To ensure that credit reports are accurate, the FCRA imposes duties both on credit reporting agencies ("CRAs") and "on the sources that provide credit information to [consumer reporting agencies], called 'furnishers' in the statute." *Id.* In the instant case, Chase does not dispute that it qualifies as a furnisher under the FCRA.

The obligations of furnishers are described in 15 U.S.C. § 1681s-2b. Under that section of the FCRA, furnishers have certain obligations that are triggered when the furnishers receive notice from the CRA that the consumer disputes the information. *Gorman*, 584 F.3d at 1154. Specifically, after receiving a notice of dispute, the furnisher shall:

> (A) conduct an investigation with respect to the disputed information;
> (B) review all relevant information provided by the consumer reporting agency . . . ;
> (C) report the results of the investigation to the consumer reporting agency;
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information . . . ; and
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1) . . .
>> (i) modify that item of information;
>> (ii) delete that item of information; or
>> (iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b)(1).

When a CRA receives a dispute from a customer, the CRA first determines whether the CRA itself can resolve the dispute using information in the customer's credit file. *See Webb v. Experian Info. Servs., Inc.*, 2017 WL 1022012, at *1 (N.D. Ill. Mar. 16, 2017). If the CRA can do so, the CRA processes the dispute "internally" and sends a Dispute Response Notification ("DRN") through an online reporting system called e-OSCAR to notify the furnisher of the changes the CRA made to the customer's credit report. *Id.* If the CRA does not have sufficient "internal" information to resolve the dispute, the CRA sends the furnisher an Automated Consumer Dispute Verification ("ACDV") form through e-OSCAR. *Id.* After receiving an ACDV,

a furnisher consults its own records and conducts any other necessary investigation and then informs the CRA whether the information that the furnisher is reporting to the CRA is accurate. *Id.*

Chase does not contest that Plaintiff's bankruptcy had been discharged prior to Plaintiff's April 11, 2016 credit report and that this discharge rendered Chase's reporting inaccurate. Instead, Chase argues that even if Chase's report was inaccurate, Chase had no duty to investigate because Plaintiff did not specifically mention the discharge in his April 11, 2016 dispute letter. Rather than specifically mentioning the discharge, the FAC alleges that the dispute letter stated that "Plaintiff had filed for bankruptcy, was not late, or past due . . . ." FAC ¶ 86. Chase claims that "[n]owhere does Plaintiff allege that he alerted the consumer reporting agencies or Chase to the fact that his debts had been *discharged* and asked them to investigate how to report the accounts following a *discharge*. As a result, the consumer reporting agencies and Chase had no obligation to investigate issues related to Plaintiff's bankruptcy discharge." Mot. at 5 (emphasis).

As Chase points out, in *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1157 (9th Cir. 2009), the Ninth Circuit held that when a furnisher receives a dispute, "[t]he pertinent question is . . . whether the furnisher's procedures were reasonable in light of what it learned about the nature of the dispute." Mot. at 5. Thus, Chase argues that as a matter of law, it was reasonable for Chase not to investigate a bankruptcy *discharge* when the notice Chase received specifically mentioned only a bankruptcy *filing*.

However, *Gorman* does not support Chase's argument that an investigation of disputed information is narrowly limited to the exact wording of the dispute letter. In *Gorman*, the Ninth Circuit found on a motion for summary judgment that a furnisher's investigation was reasonable in part because the plaintiff's dispute letter and the notice sent to the furnisher "provided *no* suggestion of the nature of Gorman's dispute . . . ." *Id.* at 1158 (emphasis added). Thus, *Gorman* stands for the proposition that a furnisher need not conduct a detailed investigation if the dispute letter provides no indication about the nature of the consumer's dispute. However, nothing in the *Gorman* opinion suggests that in evaluating "whether the furnisher's procedures were reasonable

7
Case No. 17-CV-01819-LHK
ORDER DENYING MOTION TO DISMISS

in light of what it learned about the nature of the dispute," a Court should narrowly limit the "nature of the dispute" to the precise wording of the dispute letter. *Id.* at 1157. Indeed, the *Gorman* panel specifically amended its opinion to add a footnote to the sentence quoted above, which stated that "[i]n deciding that the notice determines the nature of the dispute to be investigated, we do not suggest that it also cabins the scope of the investigation once undertaken." *Gorman*, 584 F.3d at 1157 n.11; *see also Gorman v. Wolpoff & Abramson, LLP*, 552 F.3d 1008, 1017 (9th Cir.), *opinion amended and superseded*, 584 F.3d 1147 (9th Cir. 2009). This footnote makes clear that as long as a consumer provides reasonable notice of the nature of a dispute, a furnisher's investigation cannot be "cabin[ed]" to the exact wording of the dispute notice. *Id.*[1] Instead, the furnisher's duty to investigate depends on what is "reasonable," which often cannot be determined based on the complaint alone. *Id.* at 1157.

In the instant case, Plaintiff alleges that he mentioned the bankruptcy in his dispute letter and that "[b]ased on Plaintiff's dispute, Chase should have known their accounts were included and discharged in Plaintiff's Chapter 13 plan of reorganization." FAC ¶ 124. In other words, Plaintiff alleges that a reasonable investigation triggered by the mention of a bankruptcy would have revealed the discharge of Plaintiff's debts. Chase disagrees with this allegation and argues that a reasonable investigation of Plaintiff's dispute would not have revealed the fact that Plaintiff's debts, including the debt to Chase, had been discharged in bankruptcy. However, this is a dispute that the Court cannot resolve on a motion to dismiss. Although in some cases the Court can determine as a matter of law whether a consumer's dispute letter provides adequate notice, *see, e.g.*, *DeVincenzi v. Experian Info. Sols., Inc.*, 2017 WL 86131 (N.D. Cal. Jan. 10, 2017), the Court cannot do so in the instant case. Without evidence regarding the information that Chase received from CRAs and the procedures that Chase uses to investigate disputes, which can only be

---

[1] The superseded opinion in *Gorman* also originally stated, "[t]he pertinent question is . . . whether the furnisher's procedures were reasonable in light of what it learned about the dispute . . . ." 552 F.3d at 1017. In the amended opinion, the Ninth Circuit changed the last words of this phrase to "what it learned about *the nature of* the dispute." 584 F.3d at 1157 (emphasis added). This change also confirms that the Ninth Circuit did not intend to limit a furnisher's duty to investigate to the precise wording of the dispute letter.

8
Case No. 17-CV-01819-LHK
ORDER DENYING MOTION TO DISMISS

gained through discovery, the Court cannot determine whether the investigation triggered by a dispute mentioning a bankruptcy would reasonably reveal that the bankruptcy had been discharged. Thus, "accept[ing] factual allegations in the complaint as true and constru[ing] the pleadings in the light most favorable to the nonmoving party," the Court cannot determine that Chase's investigation or failure to investigate was reasonable as a matter of law. *Manzarek*, 519 F.3d at 1031.

Indeed, Chase's citation to *Gorman* underscores the importance of discovery in determining whether an investigation was reasonable. *Gorman* was decided on a motion for summary judgment. Thus, the *Gorman* court held that the furnisher had conducted a reasonable investigation only after reviewing evidence regarding the information that the furnisher received and what the furnisher did to investigate the dispute. *Gorman*, 584 F.3d at 1158. Similarly, two other cases that Chase cites, *Jackson v. Experian Info. Sols., Inc.*, 2017 WL 635148 (N.D. Ill. Feb. 16, 2017), and *Webb v. Experian Info. Servs., Inc.*, 2017 WL 1022012 (N.D. Ill. Mar. 16, 2017), were decided on motions for summary judgment. In both cases the court reviewed the evidence regarding the information the defendants received and how the defendants responded to that information.

In short, the Court cannot resolve on a motion to dismiss whether Chase's investigation was reasonable. It may be that any reasonable investigation of Plaintiff's dispute would have revealed that Plaintiff's debt had been discharged. *See Gorman*, 584 F.3d at 1155 ("a 'superficial, *un*reasonable inquir[y]' would hardly satisfy Congress' objective.") (quoting *Johnson v. MBNA Am. Bank, NA*, 357 F.3d 426, 430–31 (4th Cir.2004)). Indeed, it may be that the information forwarded to Chase in the ACDV did not distinguish between filing for bankruptcy and receiving a discharge in bankruptcy. *See* Opp. at 5 n.2 ("[A]n ACDV when sent does not verbatim recapitulate a consumer's dispute. Instead the dispute is truncated into series of phrases and or codes[,] e.g.[,] consumer disputes present past history verify CII verify status."). However, Plaintiff has alleged that Plaintiff's dispute letter mentioned Plaintiff's bankruptcy and that a reasonable investigation of this dispute would have revealed that Plaintiff's debts had been

9

discharged. The Court must "accept [these] factual allegations in the complaint as true . . . ." *Manzarek*, 519 F.3d at 1031.

The Court's previous decisions in *Doster v. Experian Info. Sols., Inc.*, 2017 WL 264401, at *4 (N.D. Cal. Jan. 20, 2017), and *DeVincenzi v. Experian Info. Sols., Inc.*, 2017 WL 86131, at *1 (N.D. Cal. Jan. 10, 2017), are not to the contrary. In *Doster*, unlike the instant case, the plaintiff's debts had not been discharged at the time of the disputed credit report or at the time that the plaintiff submitted her dispute letter. Thus, even if the defendant in *Doster* had investigated the plaintiff's dispute, the defendant could not and would not have discovered a bankruptcy discharge because there was none at the time of the dispute. In other words, in *Doster* there was no inaccuracy in the disputed credit report. *See Doster*, 2017 WL 264401 at *4. In these circumstances, the Court found as a matter of law that the defendant's investigation was not unreasonable for failing to reveal the plaintiff's discharge because there was no discharge to reveal and no inaccuracy to correct. *See Doster*, 2017 WL 264401 at *4 ("Plaintiff never alleges that she disputed her credit report after the May 24, 2016 discharge, and therefore Experian's duty to reinvestigate this alleged inaccuracy was never triggered."). In the instant case, in contrast, Plaintiff alleges that Plaintiff's debts had been discharged in bankruptcy at the time Plaintiff obtained the April 11, 2016 credit report and at the time Plaintiff sent his dispute letter. Additionally, Chase does not contest that the April 11, 2016 credit report was inaccurate. Thus, unlike in *Doster*, in the instant case Plaintiff plausibly alleges that a reasonable investigation would have revealed that Plaintiff's credit report was inaccurate in light of Plaintiff's discharge in bankruptcy.

Similarly, in *DeVincenzi*, the plaintiff argued that an account in his credit report was inaccurate because it reported a total balance that did not include a $20,706.33 payment made by the trustee in the plaintiff's Chapter 13 bankruptcy. *DeVincenzi*, 2017 WL 86131 at *8. However, in *DeVincenzi* the "Plaintiff d[id] not even allege that the trustee had made this $20,706.33 payment when Plaintiff ordered the disputed credit report . . . ." *Id.* Additionally, the plaintiff's FAC never alleged that the plaintiff's dispute letter mentioned this alleged inaccuracy or alleged

10
Case No. 17-CV-01819-LHK
ORDER DENYING MOTION TO DISMISS

1   that a reasonable investigation of the plaintiff's dispute would have revealed this alleged

2   inaccuracy. Indeed, the plaintiff in *DeVincenzi* did not fully articulate this alleged inaccuracy until

3   the opposition to the motion to dismiss. *See* Case No. 16-CV-04628-LHK, ECF No. 19 ¶ 106.

4   Thus, like *Doster*, the plaintiff in *DeVincenzi* did not allege that the disputed credit report was in

5   fact inaccurate or that a reasonable investigation would have revealed this inaccuracy.

Unlike in *DeVincenzi*, in the instant case Plaintiff has alleged an actual inaccuracy in his April 11, 2016 credit report because Plaintiff's debts were discharged on November 12, 2015. Additionally, Plaintiff has alleged that a reasonable investigation triggered by the dispute letter would have revealed Plaintiff's discharge. *See* FAC ¶ 124 ("Based on Plaintiff's dispute, Chase should have known their accounts were included and discharged in Plaintiff's Chapter 13 plan of reorganization."). Thus, the Court cannot determine at the motion to dismiss stage whether Chase's investigation in the instant case was reasonable as a matter of law.

Accordingly, the Court DENIES Chase's motion to dismiss based on the sufficiency of the notice of the dispute.

### B. Damages

The FCRA creates a private right of action for willful or negligent noncompliance with either § 1681i or 1681s-2(b). *Gorman*, 584 F.3d at 1154 (citing 15 U.S.C. §§ 1681n, o). If a failure to comply with either § 1681i or § 1681s-2(b) is negligent, a plaintiff may recover "any actual damages sustained by the consumer as a result of the failure." 15 U.S.C. § 1681o(a)(1). If a failure to comply with either § 1681i or § 1681s-2(b) is willful, a consumer may recover actual damages or statutory damages between $100 and $1000, as well as any appropriate punitive damages. 15 U.S.C. § 1681n(a).

Chase argues that Plaintiff's FCRA claim must be dismissed because Plaintiff has not sufficiently alleged an entitlement to any damages. First, Chase argues that Plaintiff has not sufficiently alleged that Chase's violation of the FCRA was willful as required to entitle Plaintiff to statutory damages. Second, Chase argues that as a matter of law, none of the damages that Plaintiff alleges – including an inability to reorganize under Chapter 13, time and money spent

11

reviewing credit reports, lowering of Plaintiff's credit score, and emotional distress – qualify as "actual damages" for the purposes of the FCRA. Mot. at 6–11. As discussed below, the Court finds that Plaintiff has sufficiently alleged an entitlement to statutory damages. This alone is adequate to sustain Plaintiff's FCRA claim, and therefore the Court need not decide at this stage whether each of Plaintiff's alleged damages constitute actual damages.

In order to establish an entitlement to statutory damages, a plaintiff must sufficiently allege a "willful" violation of the FCRA. A defendant commits a "willful" violation of the FCRA if the defendant engages in either "knowing [or] reckless disregard of the law." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 59 (2007). "[A] company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id.* at 69.

Chase's argument that Chase did not commit a willful violation of FCRA is virtually identical to Chase's argument described above regarding notice. Specifically, Chase argues that "[w]ithout notice of Plaintiff's dispute, Chase cannot have engaged in 'knowing' or 'reckless' disregard of the law.'" Mot. at 11. In other words, Chase essentially argues that Chase did not *willfully* violate the FCRA because Chase did not violate the FCRA at all. However, as discussed above, the Court finds that Plaintiff has sufficiently alleged (1) that Chase had notice of Plaintiff's dispute, and (2) that a reasonable investigation would have revealed that Chase's reporting was inaccurate in light of Plaintiff's bankruptcy discharge.

Chase also claims it did not willfully violate the FCRA because "no court of appeals has held, and no authoritative guidance has come from an agency, that furnishers have an obligation to investigate whether a debt has been discharged when a consumer's notice of dispute simply says that a bankruptcy has been filed." Mot. at 11–12. However, numerous courts of appeals, including the Ninth Circuit, have held that furnishers must "conduct a reasonable investigation" upon receiving notice of disputed information. *See, e.g.*, *Gorman*, 584 F.3d at 1157 ("[A] furnisher's obligation to conduct a reasonable investigation . . . arises when it receives a notice of dispute

12
Case No. 17-CV-01819-LHK
ORDER DENYING MOTION TO DISMISS

from a CRA."); *Johnson v. MBNA Am. Bank, NA*, 357 F.3d 426, 431 (4th Cir. 2004) ("We therefore hold that § 1681s–2(b)(1) requires creditors, after receiving notice of a consumer dispute from a credit reporting agency, to conduct a reasonable investigation of their records to determine whether the disputed information can be verified."); *Lang v. TCF Nat. Bank*, 249 F. App'x 464, 465 (7th Cir. 2007) ("[A]fter a furnisher (such as a bank) receives notice from a CRA that a consumer disputes the 'completeness or accuracy of information' that the furnisher gave the CRA, the furnisher must conduct a reasonable investigation and report the results of the investigation back to the CRA."); *see also* 15 U.S.C. § 1681s-2(b)(1). As discussed above, Plaintiff has sufficiently alleged that Chase received notice of Plaintiff's dispute, and the Court cannot determine at this stage of the litigation that Chase's response to the dispute was reasonable as a matter of law. Thus, if Chase disregarded its duty to conduct a reasonable investigation despite adequate notice of Plaintiff's dispute, this would not represent an "erroneous" or merely "careless" reading of the FCRA. *Safeco*, 551 U.S. at 69. Instead, this would be in violation of clear and binding precedent and thus could be a willful violation of the law.

Moreover, Plaintiff has sufficiently alleged that Chase's violation of the FCRA was willful. Indeed, the FAC contains extensive allegations regarding Chase's willful violation of the FCRA, and Chase does not address these allegations at all in its motion to dismiss. *See* FAC ¶¶ 92–102. Specifically, Plaintiff alleges that "as a policy Chase instructs its employees who are intentionally overseas to avoid being confronted by consumers, not to update accounts that have been discharged. Instead these employees are taught to [c]harge off the accounts . . . . JPMorgan Chase's refusal to acknowledge the bankruptcy discharge is classic 'trap' reporting where creditors like Defendant JPMorgan Chase intentionally leave a [c]harge off notation on a consumer's credit report in hopes that a consumer will eventually pay the debt when denied for future financing." FAC ¶¶ 98–99. In the opposition to the motion to dismiss, Plaintiff elaborates and states that "Defendant as a policy does not actually investigate disputes and instead employees are regularly expected to verify that whatever information is being reported is accurate." Opp. at 8; *see also* FAC ¶ 129 ("Chase did not investigate whether Plaintiff filed for bankruptcy, whether

13

their accounts were included, the terms of the plan, or whether or not the terms had been approved."). Chase does not argue that these allegations are implausible or that these practices would not constitute willful violation.

In short, Chase does not address Plaintiff's allegations of willfulness, and these allegations do not appear implausible on their face. Instead, Chase argues that it did not willfully violate the FCRA because it had no notice of Plaintiff's dispute. However, as discussed above, the Court finds that Plaintiff has sufficiently alleged that Chase had notice of Plaintiff's dispute and that a reasonable investigation would have revealed that Chase's reporting was inaccurate in light of Plaintiff's bankruptcy discharge. Thus, the Court rejects Chase's argument that Plaintiff has not sufficiently alleged willfulness and an entitlement to statutory damages.

Therefore, the Court DENIES Chase's motion to dismiss Plaintiff's FCRA on the basis that Plaintiff failed to allege any entitlement to damages.

### C. CCRAA Claim

Section 1785.25(a) of the CCRAA provides that "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Cal. Civ. Code. § 1785.25(a). The CCRAA provides for a private right of action to enforce this provision. *Id.* §§ 1785.25(g), 1785.31(a). "[B]ecause the CCRAA 'is substantially based on the Federal Fair Credit Reporting Act, judicial interpretation of the federal provisions is persuasive authority and entitled to substantial weight when interpreting the California provisions.'" *Carvalho v. Equifax Info. Servs. LLC*, 629 F.3d 876, 889 (9th Cir. 2010) (quoting *Olson v. Six Rivers Nat'l Bank*, 111 Cal. App. 4th 1, 12 (2003)).

Chase argues that "the CCRAA claim against Chase should be dismissed for the same reasons as the FCRA." Mot. at 12. Chase provides no additional argument regarding Plaintiff's CCRAA claim, and both parties agree that the same standards apply to both claims. For the reasons stated above, Plaintiff has sufficiently alleged that Chase had notice of Plaintiff's dispute and that Chase violated the CCRAA by failing to correct inaccuracies in Plaintiff's April 11, 2016

14

Case No. 17-CV-01819-LHK
ORDER DENYING MOTION TO DISMISS

credit report. Additionally, for the reasons stated above, the Court rejects Chase's argument that Plaintiff has not sufficiently alleged willful infringement and an entitlement to statutory damages. Therefore, the Court DENIES Chase's motion to dismiss Plaintiff's CCRAA claim.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Chase's motion to dismiss.

**IT IS SO ORDERED.**

Dated: July 31, 2017

_Lucy H. Koh_
LUCY H. KOH
United States District Judge